IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Security State Bank, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-22 |
| | § | APPEAL NO. 99-20 |
| Internal Revenue Service | § | |
| | § | |
| Appellee. | § | |

**FINAL JUDGMENT AFFIRMING THE RULING OF THE BANKRUPTCY COURT**

BE IT REMEMBERED that on July 10, 2000, the Court **DENIED** Security State Bank's Appeal under 28 U.S.C. § 159 from the Amended Order of the Bankruptcy Court Overruling Security State Bank's Objection to the Late Filing of the Internal Revenue Service's Proof of Claim [Dkt. No. 1].

Security State Bank appeals from the Bankruptcy Court for the Southern District of Texas' amended order allowing the Internal Revenue Service to file a tardy claim under 11 U.S.C. § 726, the general provision on distribution of the bankruptcy estate. 11 U.S.C. § 726 states in relevant part: "[P]roperty of the estate shall be distributed first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee *commences distribution under this section* (emphasis added)." 11 U.S.C. 726(a)(1) (2000). The Parties agree that the Internal Revenue Service's ("IRS") claim is tardy. Consequently, its claim is only tenable if it was filed "before the date on which the trustee commence[d] distribution [under § 726]." This appeal is based on the Appellant and Appellee's differing interpretations of the language "commence[d] distribution." The Appellant Security State Bank argues that the IRS' claim is barred because interim payments had been made to reimburse professionals for their services and their out-of-pocket expenses before the claim was filed, and, therefore distribution had already commenced pursuant to § 726. The Appellee, the IRS argues that its claim is valid

1

because interim payments do not constitute distributions under § 726, and distribution only commences under § 726 when the bankruptcy court approves a final report and accounting. There has been no final report and accounting in this case.

The phrase that allows claims that are "tardily filed before the date on which the trustee commences distribution" was added through a recent amendment to the Bankruptcy Code. 11 U.S.C. § 726(a)(1) (2000). See Bankruptcy Reform Act of 1994, Pub. L. No. 103-94. There is therefore little authority that directly addresses its meaning. See In re Wilson, 190 B.R. 860, 862 (Bank. E.D. Mo. 1996). The Court has found and the Parties have cited only one case that directly addresses the interpretation of the phrase. See In re Wilson, 190 B.R. at 862. In re Wilson holds that distribution commences under § 726 on the date the bankruptcy court approves a final report and accounting. See Id. While the Wilson court did not discuss whether interim payments to professionals for the administration of the bankruptcy estate affect the date on which a trustee commences distribution, its holding applies equally if interim payments have been made.

Interim payments are allowed to prevent financial hardship to professionals who aid in the administration of the bankruptcy estate.[1] However, these payments are not final, and may be subject to disgorgement if there are insufficient assets in the estate to satisfy all administrative claims or if other claims have superpriority. See e.g. In re Precast Structures, Inc., 122 B.R. 304, 305-06 (Bankr. S.D. Tex. 1990); In re Chip 'N Twigs, Inc., 58 B.R. 109, 111 (Bankr. E.D. Pa. 1986); In re American International Airways, 47 B.R. 716, 720-23 (Bankr. E.D. Pa. 1985); COLLIER ON BANKRUPTCY § 331.04[3][a]. Interim administrative payments, as in this case, may be made early on, even before notice is sent out to creditors informing them of the date by which they must file their claims. If this Court were to hold that interim payments are distributions under § 726, the language allowing for

---

[1] Interim payments for administrative expenses are authorized by 11 U.S.C. § 726, which states that payments are to be made first under "section 507 of this title." Section 507(a) in turn states that "administrative expenses allowed under § 503(b) of this title" have priority. Section 503(b)(1)(A) defines allowable administrative expenses as "the actual necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 331 was added to the Bankruptcy Code in 1978 to clarify that professionals may receive compensation for services rendered and reimbursement for expenses before the end of the bankruptcy case. S. Rep. No. 989, 95th Cong., 2nd Sess. (1978); H.R. Rep. No. 595, 95th Cong., 1st Sess. (1977).

tardily filed claims would be rendered nugatory in many, if not most, cases. Well-established rules of statutory interpretation prohibit courts from interpreting a statute in such a way as to render its language meaningless. See e.g. National Credit Union Admin. v. First Nat. Bank & Trust Co., 522 U.S. 479, 502 (1998). Therefore, the Appellant's interpretation of § 726 cannot be correct.[2]

The Appellant primarily relies on a bankruptcy court's passing statement that distribution does commence under § 726 when interim administrative expenses are paid. See In re Hohenberg, 191 B.R. 694, 698-99 (Bankr. W.D. Tenn. 1996). In re Hohenberg is not controlling because the court clearly acknowledges that its statement is dicta. The court states, "Notwithstanding this conclusion [on when distribution commences], as the parties did not rely upon tardiness as a basis for subordination or disallowance of the claims, the Court will consider the motions for summary judgment." Id. at 699. The Hohenberg court then goes on to hold that the debtor is not entitled to reimbursement, because, among other reasons, his claims are based on property that belongs to the bankruptcy estate and he did not follow proper procedures. Id. at 701-02.

In conclusion, the Court finds that a "trustee commences distribution" under 11 U.S.C. § 726 when a bankruptcy court approves a final report and accounting, and **AFFIRMS** the ruling of the bankruptcy court.

DONE at Brownsville, Texas, this \_\_11\_\_ day of July 2000.

Hilda G. Tagle
United States District Judge

---

[2]This Court's ruling is supported by the NATIONAL BANKRUPTCY REVIEW COMMISSION REPORT, Taxation and the Bankruptcy Code (Comments prepared by Jack Williams) (Oct. 20, 1997). Section 4.2.21 of the report states, "The [National Bankruptcy Review Commission] has adopted the Recommendation of the Advisory Committee that the language of § 726(a)(1) be changed from 'the date on which the trustee commences distribution' to 'the date upon which the court approves the final report and accounting of the trustee.' This Proposal is a housekeeping amendment designed to minimize future litigation that may arise from a literal reading of the statute."